UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADAM LESLIE-DAVID KOLB** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-09** |
| **CAROL JORDAN, ET AL.** | **SECTION: "J"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Adam Leslie-David Kolb, filed this federal civil rights action against Carol Jordan, William Seal, and Willie Cochran, claiming that those defendants violated his rights in various respects at the Rayburn Correctional Center in Angie, Louisiana. Most of plaintiff's claims were thereafter dismissed, and the only claims which currently remain pending in this lawsuit are his claims for retaliation and mail tampering.[1] However, those remaining claims should now be dismissed for want of prosecution for the following reasons.

This Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the Rayburn Correctional Center, his address of record, was returned by the United States Postal Service as undeliverable, bearing a notation stating: "RETURN TO SENDER … No Longer at RCC."[2]

Additionally, this Court's Local Rules further provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number

---

[1] See Kolb v. Jordan, Civ. Action No. 21-09, 2021 WL 6050303 (E.D. La. Dec. 21, 2021); Rec. Doc. 27.
[2] Rec. Doc. 28. A prior mailing from the Court to plaintiff at that same address was similarly returned as undeliverable. Rec. Doc. 26.

change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3] However, plaintiff has failed to comply with that obligation, and, as a result, his current whereabouts are unknown.

In light of the foregoing, it is appropriate to dismiss plaintiff's remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, mail sent to plaintiff at his address of record was returned as undeliverable, and he has not provided the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to advance his case on the docket. Accordingly, his remaining claims should be dismissed for failure to prosecute.

---

[3] Rec. Doc. 1, p. 17.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's remaining his federal civil rights claims for retaliation and mail tampering be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___23rd___ day of February, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**